U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JUN 16 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Dupre                                           Civil Action No. 6:15-cv-01432

versus                                          Judge Richard T. Haik, Sr.

Family Dollar Stores of Louisiana,              Magistrate Judge C. Michael Hill
et al

## MEMORANDUM ORDER

Before the Court is Plaintiffs, Jessica Dupre ("Dupre") and Christopher
Vidrine's ("Vidrine"), Motion To Remand And For Sanctions [Rec. Doc. 5] and
Defendant, Family Dollar Stores of Louisiana's ("Family Dollar"), Memorandum in
Opposition [Rec. Doc. 9].  Oral argument is not necessary.  For the reasons that
follow, the motion to remand will be granted and the motion for sanctions denied.

In December 2014 Dupre filed a charge with the United States Equal
Employment Opportunity Commission ("EEOC") against Family Dollar, alleging
sexual discrimination and retaliation claims.  *R. 9-1, Exh. A, Dec. Of Ramsdell.*
Thereafter,[1] Dupre and Vidrine filed a Petition in the Thirteenth Judicial District
Court, Evangeline Parish, against Family Dollar and its employee, Jeremy Marcantel.[2]

---

[1] The copy of Plaintiffs' Petition in the record does not indicate a date of filing.  Defendants
state in their Opposition that the Petition was filed "on or about December 19, 2014."  *R. 9, p. 1.*

[2] Marcantel had not been served at the time this Order was signed.

In the Petition, Plaintiffs allege while Dupre was employed by Family Dollar, her supervisor, Jeremy Marcantel, sexually harassed her and on May 9, 2014, sexually assaulted her.  They allege Dupre reported the sexual assault to her store managers and Marcantel was moved to another shift.  Thereafter, Family Dollar's regional manager and store manager reviewed the video of the assault allegedly requiring Dupre to be in "close proximity" with Marcantel.  Plaintiffs further allege that after the assault Dupre was retaliated against when she was told she would no longer be considered for a promotion.

On April 27, 2015, Defendants filed a Notice of Removal in this Court under federal question jurisdiction. *R. 1.*  Plaintiffs filed this Motion to Remand on May 1, 2015. *R. 5.*

## Legal Analysis

State-court actions may be removed to federal court only if they could have been originally filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Absent diversity of citizenship, removal is only appropriate for actions within a district court's federal question jurisdiction, i.e. actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(b); *Caterpillar*, 482 U.S. at 392.  "A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded

complaint." *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir.1995).  The burden is on the defendant to prove that federal jurisdiction exists over the state court suit.  *Id.* at 365.

The well-pleaded complaint rule "makes the plaintiff the master of the claim." *Caterpillar*, 482 U.S. at 392.  "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10–11 (1983).  "A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter*, 44 F.3d at 366 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")).  At the same time, "when the causes of action in the plaintiff's complaint, if properly pled, would pose a federal question and make the case removable, the plaintiff will not be permitted to disguise the inherently federal cause of action, to block removal." Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction 4th § 3722 (2015).

Here, the existence of this Court's jurisdiction turns on whether Dupre's claims of sexual harassment and retaliation arise under state or federal law.  The petition

contains no express references to Title VII.  Family Dollar cites two facts to support its argument that Plaintiffs have stated a claim under Title VII. First, although not mentioned in the petition, Family Dollar was served in December 2014 with Dupre's notice of filing a charge with the Equal Employment Opportunity Commission ("EEOC").  *R. 9-1, Exh. A, Dec. Of Ramsdell.*  Second, Dupre prays for punitive damages, which are recoverable under Title VII but not under Louisiana's anti-discrimination law.  *R. 1-1, Petition, ¶ 14.*

The Court finds these facts insufficient to infer a Title VII cause of action from Plaintiffs' petition. At best, they pose ambiguities, which must be construed against removal. *See  Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").  The case law is replete with grants of motions to remand in similar circumstances, based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, contained references and/or more substantial inferences to Title VII than in this case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim.  *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir.1997); *Mink v. General Motors Corp.*, 72 F.3d 130, 1995 WL 723180, 2–3 (6th Cir.1995); *Ginsberg v. Paramount Comms. Corp.*, 52 F.3d

333, 1995 WL 163506, 1–2 (9ᵗʰ Cir.1995); *Saldana v. South Texas Lighthouse for Blind*, 2010 WL 519689 (S.D.Tex.,2010); *Hardin v. Morgan Bldgs. & Spas, Inc.*, 2007 WL 2021775, 3 (W.D.Tex., 2007); *Gardon v. City of El Paso*, 2003 WL 21961178 (W.D.Tex.,2003); *Williams v. Pan American Life Ins. Co.*, 2002 WL 31886714, 2 (E.D. La.,2002); *Manzella v. United Parcel Service Inc.*, 2002 WL 31040170, 3 (E.D.La.,2002); *Addison v. Grillot Land & Marine, L.L.C.*, 2002 WL 1298761, 2 (E.D. La.,2002); *Stephens v. Cowles Media Co.*, 995 F.Supp. 974, 976, 977–78 (D.Minn.1998); *Lyles v. Citicorp Credit Servs., Ltd.*, 1997 WL 810027, 2 (N.D.Tex.,1997); *Elliott v. LTD Direct Mktg., Inc.*, 1 F.Supp.2d 1031, 1033 (D.Ariz.1997); *Degruise v. NPC Int'l, Inc.*, 950 F.Supp. 168, 169 (N.D.Miss.,1997); *Lamb v. Laird*, 907 F.Supp. 1033 (S.D.Tex.,1995).

Family Dollar cites four cases which it contends support its position that "if a plaintiff alleges state law claims or does not designate the claims as arising under state or federal law, but seeks damages only authorized by federal law, removal based upon federal question subject matter jurisdiction is appropriate." Family Dollar initially cites *Taylor v. Wells Fargo Home Mortgate, Inc.*, 2004 WL 856673 (E.D.La.,2004). *Taylor* is inapposite because it involved the Fair Credit Reporting Act which preempts state law claims. Family Dollar also cites *Kennedy v. Strong*, 2007 WL 2122174 (W.D.La.,2007) and *Christiason v. Merit Texas Properties, L.L.C.*,

393 F.Supp.2d 435, 437–438 (N.D.Tex.,2005) both of which resulted in the court granting the plaintiff's motion to remand. In *Kennedy*, the court found that the plaintiff did not allege any federal causes of action and only alleged damages that are recoverable under Louisiana state law. In *Christiason*, the court stated, "the mere reference to Title VII violations in the plaintiff's EEOC charge [which was attached to the petition] could not establish federal question jurisdiction for purposes of a motion to remand where plaintiff [had] chosen not to plead them."

Here, as in *Kennedy,* Plaintiffs allege causes of action and claims for damages which can be brought or recovered under either federal or state law.[3] The only specific cause of action alleged is Dupre's spouse's claim for loss of consortium, a state law action which is not recoverable under Title VII.[4] Further, while Plaintiffs filed an EEOC charge prior to serving Family Dollar with this action as did the plaintiff in *Christiason,* it was neither referenced in nor attached to the petition. Moreover, Louisiana state and federal courts applying Louisiana law have held the filing of an EEOC charge of discrimination satisfies the Louisiana anti-discrimination

---

[3] The Court notes the petition's allegations of intentional infliction of emotional distress and negligence may be understood as raising separate causes of action under state law or relating to recovery for emotional distress and anguish based on the discrimination claim under either state or federal law.

[4] *See Barker v. Halliburton Co.*, 645 F.3d 297, 300 (5th Cir. 2011) (An individual's right to recover under Title VII cannot support a spouse's loss of consortium claim).

-6-

statute's requirement to provide 30 day notice. *See Johnson v. Hospital Corp. of America,* 767 F.Supp.2d 678, 700 (W.D.La.,2011).

Finally, Family Dollar cites *Caravanas v. Hall,* 1999 WL 605491 (E.D.La., 1999), in which the court held the plaintiff's petition arose under Title VII eventhough it stated no statutory basis for that claim.  The court based its decision on the plaintiff's prayer for punitive damages which specifically alleged the defendants' actions "were in willfull, wanton, and reckless disregard for [his] *constitutional rights." Id.* at *2 (emphasis added).  Here, Plaintiffs' petition alleges plaintiffs "are entitled to recover [punitive] damages for *the intentional infliction of emotional distress* by defendants ....", it does not allege willful, wanton and reckless conduct or violation of constitutional rights. *R. 1-1, ¶ 14* (emphasis added).   In the motion to remand, Plaintiffs state that the claim for punitive damages was included by "an overly enthusiastic plaintiff." *R. 5.*

"Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 809 n. 6 (1986). "[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995). "[S]ubject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be

created by pleading a cause of action within the district court's original jurisdiction."
*Id.*

The Court finds that the prayer for punitive damages in Plaintiff's Petition and Plaintiff's initiation of the EEOC review process are insufficient to give rise to a Title VII claim or federal jurisdiction, and therefore the Court lacks subject matter jurisdiction.   The Court further finds that the facts of this case do not warrant imposition of sanctions.   Accordingly,

**IT IS ORDERED** that Jessica Dupre and Christopher Vidrine's, Motion To Remand [Rec. Doc. 5] is **GRANTED** and the Clerk of this Court is to remand this action to the Thirteenth Judicial District Court, Evangeline Parish.

**IT IS FURTHER ORDERED** that Jessica Dupre and Christopher Vidrine's, Motion For Sanctions [Rec. Doc. 5] is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 15th day of June, 2015.

Richard T. Haik, Sr.
United States District Judge